IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ISLAMIC CENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 13 C 6594 |
| | ) |
| CITY OF DES PLAINES, JAMES | ) |
| BROOKMAN, MICHAEL CHAREWICZ, | ) |
| PATRICIA HAUGEBERG, DICK SAYAD, | ) |
| and MARK WALSTEN, in their individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

American Islamic Center (AIC), a religious institution incorporated under the Illinois Not-For-Profit Corporation Act, has sued the city of Des Plaines and five members of its city council, namely, James Brookman, Michael Charewicz, Patricia Haugeberg, Dick Sayad, and Mark Walsten.

On February 6, 2013, AIC contracted to buy certain property on the condition that Des Plaines would adopt a zoning map amendment that would allow AIC to use the property for religious and educational activities. On July 15, 2013, the five city council members named as defendants voted against the amendment, outvoting three other city council members who voted in favor of the amendment.

AIC has brought a seven-count complaint against Des Plaines and the five council members who voted against the zoning amendment. In Counts 1 and 2, AIC

contends that Des Plaines violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc(2)(a) & (b)(1). In Count 3, AIC asserts that the defendants violated the U.S. Constitution's Free Exercise Clause. In Count 4, AIC alleges that the defendants violated the U.S. Constitution's Equal Protection Clause. Count 5 is a claim under state law challenging the zoning decision. In Count 6, AIC contends that Des Plaines violated the Illinois Religious Freedom Restoration Act (IRFRA), 775 ILCS 35/15. In Count 7, AIC asserts that Des Plaines violated the Free Exercise Clause of the Illinois Constitution.

Defendants have moved to dismiss the complaint. When the motion was first presented for hearing, the Court orally overruled argument 4 in the motion, in which defendants argued that Counts 2 and 4 were insufficiently pleaded. In addition, defendants later withdrew argument 3 in their motion, in which they sought dismissal of Counts 1 (RLUIPA), 3 (Free Exercise Clause), 6 (IRFRA), and 7 (Illinois Free Exercise Clause) on the ground that AIC failed to allege a substantial burden on the right to free exercise of religion.

In this decision, the Court considers defendants' remaining arguments, namely that: 1) the city council members are entitled to absolute legislative immunity, 2) the Tort Immunity Act bars recovery under Count 6 (IRFRA), and 3) the Illinois statute that AIC cites in its state-law claim seeking review of the zoning decision, 65 ILCS 5/11-13-25, does not provide an independent basis for a cause of action (Count 5). For the reasons stated below, the Court concludes that: 1) the city council members are entitled to absolute legislative immunity, 2) the Tort Immunity Act does not bar recovery under Count 6, and 3) AIC may challenge the city's zoning ordinance under Illinois law

2

even if section 11-13-25 does not provide an independent cause of action.

**Background**

The Court has taken the following facts largely from AIC's complaint. The Court accepts all well-pleaded facts as true and draws all reasonable inferences from those facts in AIC's favor. *See Golden v. State Farm Mut. Auto. Ins. Co.*, No. 12–3901, 2014 WL 930806, at *2 (7th Cir. Mar. 11, 2014).

AIC provides religious and educational services to the Muslim community at various facilities in the Chicago metropolitan area. Since March 2011, AIC has been searching for a permanent facility of its own to conduct these activities. On February 6, 2013, AIC contracted to buy certain property in Des Plaines, Illinois. AIC alleges that no other property in the city was suitable to serve as a permanent location for its activities. The property was considered an M-2 district, meaning that it was zoned only for general manufacturing activity. As a result, AIC's contract depended on the city adopting a zoning map amendment that would convert the status of the property to an I-1 district, in which religious and educational activities are permitted. On May 2, 2013, AIC proposed such an amendment to the Des Plaines Zoning Map Administrator.

On June 10, 2013, the Des Plaines Plan Commission held a public hearing on AIC's proposal. Finding that it would neither significantly harm traffic and parking patterns nor require the expansion of public facilities, the commission recommended that the city council adopt AIC's proposed amendment.

On July 15, 2013, the city council declined to approve AIC's zoning map amendment. The vote was five to three against approval, with the five city council members named as defendants voting no and three other city council members voting

yes. On or around August 5, 2013, the city council approved a resolution denying AIC's amendment, with the votes aligned the same as before. The city council did not issue any findings of fact, nor did City of Des Plaines Zoning Ordinance § 3.7-1 require it to do so.

Under the Des Plaines zoning ordinance, the zoning map should be amended "in light of changed conditions or changes in public policy." City of Des Plaines Zoning Ord. § 3.7-1. Section 3.7-5 of the ordinance requires the city council, when considering an amendment, to take into account, among other things, whether the amendment is compatible with the current conditions and character of existing developments in the area and whether the amendment would harm the value of other properties in the jurisdiction. See Pl.'s Compl. ¶ 21a-e (complete list of factors).

After the city council rejected AIC's zoning map amendment, the seller of the property terminated its contract with AIC.

## Discussion

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.    Absolute legislative immunity**

The city council members have moved to dismiss the only claims against them, specifically, Counts 3 (Free Exercise Clause) and 4 (Equal Protection Clause), both

brought pursuant to 42 U.S.C. § 1983. Defendants argue that they are entitled to absolute legislative immunity. AIC maintains that the city council members are ineligible for legislative immunity because their denial of the zoning amendment constituted an administrative rather than legislative function.

"Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). "[T]he time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace." *Id.* at 52.

In determining whether absolute legislative immunity applies in a particular situation, courts take a functional approach, looking to the function that the defendant was performing when she committed the alleged misconduct. *See e.g.*, *Hansen v. Bennett*, 948 F.2d 397, 401 (7th Cir. 1991); *Oxford Bank & Trust v. Vill. of La Grange*, 879 F. Supp. 2d 954, 964 (N.D. Ill. 2012). In keeping with this rule, courts have applied absolute legislative immunity even to non-legislative officials who were performing legislative functions. *See Bogan*, 523 U.S. at 55. In addition, legislative immunity protects a defendant even when she has performed a legislative function with an improper motive. *See Rateree v. Rockett*, 852 F.2d 946, 951 (7th Cir.1988) ("Admittedly, a particular legislator may vote for legislation for seemingly improper reasons; nevertheless, the rule of absolute immunity shields this conduct.")

"Absolute immunity . . . only applies to those legislators acting in their legislative capacity. Administrative or executive acts of legislators are not protected." *Id.* at 950. AIC asserts that defendants' vote on its proposed amendment amounts to an executive or administrative act. AIC cites several cases where "[c]ourts have denied legislative

5

immunity to officials who engage in administrative acts of enforcing ordinances in a manner which violate federal constitutional rights." Pl.'s Resp. at 5. AIC says that defendants were in effect enforcing an existing zoning ordinance against AIC. It also faults defendants' brief for "only referenc[ing] cases which involved legislators passing ordinances or other acts which did not analyze a *specific petition presented by the plaintiffs to the legislative body*." *Id.* at 6 (emphasis added).

There is no question that the denial of the proposed zoning amendment had its most direct and immediate impact on AIC. But the impact of the denial was not limited to AIC. It also affected the property's owner, who lost the opportunity to sell the property to AIC. In addition, the property that AIC wished to buy will remain zoned for manufacturing activity regardless of who comes to own it, unless and until the city council amends the zoning map. For these reasons, the city council's actions are properly characterized as legislative, not executive or administrative. When the council denied the zoning amendment and passed the later resolution rejecting the amendment, it was engaging in legislative acts.

In *Biblia Abierta v. Banks*, 129 F.3d 899, 903 (7th Cir.1997), the Seventh Circuit observed that:

> [c]ourts have granted absolute legislative immunity to legislators for various activities which include: (1) core legislative acts such as introducing, debating, and voting on legislation; (2) activities that could not give rise to liability without inquiry into legislative acts and the motives behind them; and (3) activities essential to facilitating or preventing the core legislative process.

*Id.* at 903. The Seventh Circuit held that absolute legislative immunity protected two alderman who were sued for misconduct in connection with introducing and voting on a rezoning ordinance, the same sort of action at issue in the present case. The court

6

concluded that "[a]ny alderman's participation in introducing and voting for a rezoning ordinance is entitled to absolute legislative immunity," because "[i]ntroducing and voting on legislation are elements of the core legislative process and cannot be separated from that legislative function." *Id.* at 904. The court rejected the plaintiff's contention that the fact that the ordinance only applied to a particular parcel of property or to a particular individual was more like an executive or administrative decision than a legislative decision. *Id.* The court stated:

> We have repeatedly held that the availability of absolute immunity does not depend upon the number of people that a law happens to affect at the time of its passage. . . . In passing the ordinances, the Zoning Committee and the City Council created neutral, prospective rules that apply to all current and future owners of the property.

*Id*.

The Court concludes that the conduct of the city council members whom AIC has sued—voting against a particular zoning map amendment and issuing a regulation to that effect—was the same sort of activity that was at issue in *Biblia Abierta*. The conduct constituted legislative activity, thus triggering absolute legislative immunity.

AIC also argues that the Illinois Municipal Code's judicial review standard does not offer defendants legislative immunity and that defendants have waived any defense of quasi-judicial immunity. Because defendants have established an entitlement to absolute legislative immunity apart from the Illinois Municipal Code, the Court need not consider the first argument. It need not consider the second argument because defendants have not moved to dismiss the complaint on the ground that they are entitled to quasi-judicial immunity. In fact, defendants contend that "[s]ince the individual defendants voted on a zoning amendment (rezoning), and not a special use

7

permit, judicial immunity does not apply." Defs.' Reply at 5.

For the reasons discussed above, the Court Counts 3 and 4 as to the individual defendants, leaving those claims standing only against Des Plaines itself.

**B.     Tort Immunity Act**

Des Plaines has moved to dismiss Count 6 (IRFRA) on the ground that the Illinois Tort Immunity Act precludes the claim. The city relies primarily on *World Outreach Conference Ctr. v. City of Chicago*, 591 F.3d 531 (7th Cir. 2009). As AIC points out, however, the court in *World Outreach* concluded that the Tort Immunity Act barred the recovery of damages for violations of the city's zoning ordinance, without addressing its effect on the plaintiff's IRFRA claim. *World Outreach Conference Ctr.*, 591 F.3d at 538.

AIC contends that the Tort Immunity Act does not bar damages claims under the IRFRA. It also argues that the Act does not bar claims for injunctive relief, which it also requests in Count 6.

"Under the [Tort Immunity] Act, Illinois adopted the general principle that local governmental units are liable in tort, but limited this liability with an extensive list of immunities based on specific government functions." *Vill. of Bloomingdale v. CDG Enters., Inc.*, 196 Ill. 2d 484, 489, 752 N.E.2d 1090, 1095 (2001). Under the Act,

> a local public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

745 ILCS 10/2-104. This provision applies to Des Plaines, which is "a local public entity" that has been accused of "refus[ing] to issue" or "den[ying]" "approval" for AIC's

8

proposed zoning amendment. In *Village of Bloomingdale*, the court concluded that a claim challenging a village's denial of a rezoning petition asking the village to annex certain land into the village and rezone it was "precisely what the legislature intended to immunize such entities from." *Vill. of Bloomingdale*, 196 Ill. 2d at 495, 752 N.E.2d at 1099.

Assuming the Tort Immunity Act applies to AIC's IRFRA claim, it would not warrant dismissal of the claim in its entirety. Via this claim, AIC seeks declaratory relief and injunctive relief in addition to damages. The Tort Immunity Act does not bar requests for relief other than damages. *See* 745 ILCS10/2-101; *Bigelow v. City of Rolling Meadows*, 372 Ill. App. 3d 60, 63, 865 N.E.2d 221, 224 (2007) ("In *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 807 N.E.2d 439 (2004), the supreme court held that when a plaintiff seeks relief other than damages, his claim is excluded from the Tort Immunity Act.").

The parties have cited no Illinois authority, and the Court has found none, that addresses whether the Tort Immunity Act bars a plaintiff from recovering damages against a local governmental entity under the IRFRA. In *Family Life Church v. City Of Elgin*, 561 F. Supp. 2d 978 (N.D. Ill. 2008), the court noted that a provision of the IRFRA could be read to trump the Tort Immunity Act: 775 ILCS 35/25(a) provides that the IRFRA "applies to all State and local (including home rule unit) laws, ordinances, policies, procedures, practices, and governmental actions and their implementation, whether statutory or otherwise and whether adopted before or after the effective date of this Act." *Id.* at 992. But although the court acknowledged the issue, it did not decide the point, because it dismissed the plaintiff's IRFRA claim on other grounds. *Id.*

AIC points out that the Tort Immunity Act "applies only to tort actions and does not bar actions for constitutional violations." *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 202, 758 N.E.2d 25, 30 ((2001). It argues that the IRFRA's express reference to the Illinois Constitution's protection of religious freedom "grounds the action in constitutional rather than tort law, thus making the [Tort Immunity] Act inapplicable." Pl.'s Resp. at 13. The IRFRA also states, however, that "[n]othing in this Act shall be construed to affect, interpret, or in any way address any of the following . . . the second sentence of Article I, Section 3 of the Illinois Constitution . . . ." 775 ILCS 35/25(c). Article I, Section 3 of the Illinois Constitution is Illinois's religious free exercise clause. This tends to undercut the contention that the Illinois legislature intended for a claim under the IRFRA to amount to a claim under the state constitution.

AIC also contends that the IRFRA is a more recent and specific statute than the Tort Immunity Act, arguing that "RFRA's addressing of the more specific issue of substantially burdening religious practice thus should trump the Tort Immunity Act's general immunity for denying permits." Pl.'s Resp. at 13. This is not a simple issue, and again, there is no Illinois authority directly on point. The Court is somewhat skeptical of AIC's argument. The IRFRA does not specifically provide for recovery of damages. Rather, its provision entitled "Judicial relief" says only that a person can assert a claim under the act and may obtain "appropriate relief" against a government, including attorney's fees and costs if she prevails. 775 ILCS 35/20. It is not clear why a statutory provision allowing only "appropriate relief" is inconsistent with or incompatible with the Tort Immunity Act, which says, in substance, that damages are *not* appropriate relief in the situations covered by the Act.

10

That said, it is unnecessary for the Court to decide this issue at this juncture of the case. AIC has asserted other claims for damages, and its claim under the IRFRA overlaps with those claims. In addition, even if the Tort Immunity Act applies to the claim, it would not require dismissal of Count 6, because AIC still would be able to pursue its claim for declaratory and injunctive relief. For these reasons, allowing this claim to proceed in its current form is highly unlikely to have any material impact on discovery or other pretrial proceedings. The Court therefore leaves for another day the question of whether a claim for damages under the IRFRA is barred by the Tort Immunity Act.

**C.     Count 5**

Count 5 is another claim under state law. Des Plaines has moved to dismiss it on two grounds: 1) 65 ILCS 5/11-13-25, which AIC references in Count 5, does not provide an independent cause of action, and 2) Count 5 duplicates other claims. Section 11-13-25(a) states that

> [a]ny decision by the corporate authorities of any municipality . . . in regard to any petition or application for . . . rezoning, or other amendment to a zoning ordinance shall be subject to de novo judicial review as a legislative decision, regardless of whether the process in relation thereto is considered administrative for other purposes.

65 ILCS 5/11-13-25(a).

AIC concedes that section 11-13-25 does not provide an independent cause of action. It argues, however, that Count 5 is not premised upon that statutory provision. Rather, AIC says, the "reference in Count V to the judicial standard . . . merely provides this Court guidance for analyzing Des Plaines' zoning decision." Pl.'s Resp. at 14. AIC says that its "claim remains grounded in well-established Illinois law . . . ." *Id.* (internal

quotations omitted).

More specifically, AIC claims that defendants' vote to deny its proposed zoning map amendment "was arbitrary, capricious, unreasonable, malicious, unconstitutional, against the manifest weight of the evidence presented to the City Council, and in violation of the municipal zoning enabling statutes of the State of Illinois (65 ILCS 5/11-13-1 et. seq.) . . . ." Pl.'s Compl. ¶ 75. The Court therefore understands AIC to be asserting that Des Plaines' refusal to amend its zoning ordinance was arbitrary and capricious and violated the Illinois constitution.

The court in *Am. Nat'l Bank and Trust Co. v. City of Chicago*, 209 Ill. App. 3d 96, 568 N.E.2d 25 (1990), recognized this sort of claim as a viable claim for denial of substantive due process under Illinois law. *See id.* at 115-116, 568 N.E.2d at 38 (citing *LaSalle National Bank v. City of Evanston*, 57 Ill. 2d 415, 428, 312 N.E.2d 625, 632 (1974)). On this basis, Count 5 asserts a viable state-law claim.

As stated earlier, Des Plaines also argues that Count 5 duplicates other claims in AIC's complaint and should be dismissed for that reason. The Court disagrees. AIC's two other state-law claims involve the IRFRA and the Illinois Constitution's Free Exercise Clause, not substantive due process.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss in part and denies it in part [docket no. 22]. All claims against defendants Brookman, Charewicz, Haugeberg, Sayad, and Walsten are dismissed. The Court otherwise denies the motion. Defendant City of Des Plaines is directed to answer all remaining

claims by no later than April 7, 2014.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 24, 2014